**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, ) ) ) | |
| Plaintiff, ) | C.A. No. _____ |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| ESSENTIALWARE, INC., ) ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff E. I. du Pont de Nemours and Company ("DuPont" or "Plaintiff") states its

Complaint against Defendant Essentialware, Inc. ("Essentialware" or "Defendant") as follows:

## NATURE OF THE CASE

1.      This suit arises from Essentialware's blatant efforts to trade on DuPont's

substantial goodwill in the famous TEFLON® trademark by making online use of the mark in

selling non-stick oven liners, release sheets, and non-stick baking sheets notwithstanding that

Essentialware opts not to purchase fluoropolymer ingredients originating from DuPont that could

properly be sold under the TEFLON® trademark through a license (thereby avoiding payment of

licensing fees and compliance with DuPont's quality standards).

2.      Essentialware's unauthorized use of the TEFLON® trademark is repeated and

attention-getting, suggests sponsorship or endorsement by DuPont, and does not reflect a true

and accurate relationship between DuPont and Essentialware's products.

3.       The repeated display of the TEFLON® trademark by Essentialware is likely to

confuse, deceive, or mislead consumers into believing that Essentialware's products originate

with or are otherwise affiliated, sponsored, or endorsed by DuPont, when they are not.  To stop

this consumer confusion and the resulting harm to the public and to DuPont, DuPont brings this

action for trademark infringement, unfair competition, and trademark dilution.

## THE PARTIES

4.     Plaintiff DuPont is a Delaware corporation with a principal place of business at

1007 Market Street, Wilmington, Delaware 19898.

5.     Defendant Essentialware, Inc. is an Ohio corporation with a principal place of

business at 65 N. Lake Street, Suite 200, Madison, Ohio 44057.

6.     Essentialware is engaged in the sale of various products in the United States,

including in this District, through its websites at http://www.salamanderskin.com

("Essentialware's Website").

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under § 39 of the Lanham Act, 15

U.S.C. §§ 1121 and 1125(a)(c), and under 28 U.S.C. §§ 1331 and 1338.  This Court has

supplemental jurisdiction over DuPont's related state law claim pursuant to 28 U.S.C. §§ 1338

and 1367.

8.     This Court has personal jurisdiction over Essentialware because, on information

and belief, Essentialware is doing business in this District, has committed tortious acts in this

District, has directed its infringing conduct into this District, and has otherwise established

jurisdictionally sufficient contacts within this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because

Essentialware is doing business in, and therefore resides in, this District and a substantial part of

the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### The Well-Known TEFLON® Trademark

10.     DuPont is internationally known for the development, manufacture, sale, and distribution of innovative products and ingredients.  In the late 1930's, DuPont discovered a method to polymerize tetrafluoroethylene to form a fluoropolymer compound known as polytetrafluoroethylene ("PTFE").  PTFE is both slippery and chemically inert making it ideal for use in a wide variety of different products.

11.     In approximately 1944, DuPont coined the fanciful trademark TEFLON® for use in connection with PTFE and products containing PTFE.

12.     The TEFLON® trademark is used in connection with industrial additives, coatings, films, resins, yarns, fabrics, and textile and surface protection treatments.  The versatility of TEFLON® allows for almost unlimited application, including with a wide variety of goods.

13.     The TEFLON® trademark has been used by DuPont in connection with a wide array of products containing other fluorine-based polymer derivatives that prevent sticking or provide other properties, such as insulation, heat and chemical resistance, friction reduction, and providing anti-corrosive, anti-stain or water repellency attributes.  The products sold using the TEFLON® trademark range from surface and textile treatments including apparel to wiper blades, and include not only cookware and bakeware coatings, but also home and garden products (including exterior and interior paint, and surface protector offerings for the protection of tile, glass, and stone); composite parts for electric and electronics equipment; insulation for wire, cable, tubing, hoses, and gaskets for multiple industries; fabric protectors for home textiles and bedding; greases, lubricants, and oils; friction-resistant resins for sports and recreational

equipment (including tennis rackets); coatings and insulation materials for medical devices and

equipment; light bulbs; personal care products (*e.g.*, hair straighteners, hair curlers, men's razors,

and eyeglasses); and building and construction materials (including the coating on the Statue of

Liberty).

14.     DuPont owns at least ten registrations on the Principal Register for trademarks

comprised of or incorporating the TEFLON® mark, including the following:

| Mark | Registration Date | Registration No. | Class of Goods |
|---|---|---|---|
| TEFLON | January 8, 1946 | 418,698 | 017 |
| TEFLON | May 27, 1952 | 559,331 | 002 |
| TEFLON | March 20, 1956 | 623,605 | 023 |
| TEFLON | March 31, 1959 | 676,166 | 001 |
| TEFLON | April 11, 1967 | 827,105 | 002 |
| TEFLON | January 16, 1979 | 1,111,147 | 001 |
| TEFLON | April 24, 1990 | 1,592,650 | 001 |
| TEFLON | July 30, 2002 | 2,601,355 | 012 |
| TEFLON | February 6, 2007 | 3,206,677 | 003 |
| TEFLON | March 17, 2009 | 3,590,266 | 004 |

True and correct copies of the Certificates of Registration are attached as **Exhibit 1**.

15.     The ten above-identified registrations are valid and in full force and effect and are

*prima facie* proof of DuPont's exclusive rights to own and use the TEFLON® trademark.

16.     Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act,

15 U.S.C. § § 1058 and 1065, for nine of the ten registrations listed above in Paragraph 14, and

accordingly each is incontestable.  The nine incontestable registrations are as follows:

Registration Nos. 418,698; 559,331; 623,605; 676,166; 827,105; 1,111,147; 1,592,650; 2,601,355; and 3,206,677.

17.    DuPont's TEFLON® fluoropolymer products have been a tremendous commercial success.  Since 1944, DuPont has generated billions of dollars in revenue from the sale of TEFLON® products and the licensing of the TEFLON® mark.

18.    DuPont and its licensees have spent tens of millions of dollars in advertising and promotion of the TEFLON® mark, and products sold under the TEFLON® mark.

19.    Over the course of seventy years, the TEFLON® trademark has achieved an extraordinary level of fame and consumer recognition as a source identifier for DuPont's fluoropolymers.  The TEFLON® trademark has come to identify high quality and dependable products originating exclusively from DuPont and its licensees.

20.    DuPont's TEFLON® trademark is famous under the Lanham Act, 15 U.S.C. § 1125 *et seq.*, because "it is widely recognized by the general consuming public as a designation of source of the goods or services of the mark's owners."  Over 40 years ago, in *In re Miller*, 441 F.2d 689, 690 (C.C.P.A. 1971), the court referred to DuPont's goods as "well known under the trademark 'Teflon.'"  DuPont's TEFLON® trademark was famous long before Essentialware made any use of that mark.

21.    DuPont's TEFLON® trademark is both conceptually and commercially strong.  In *E.I. DuPont de Nemours & Co. v. Yoshida Int'l, Inc.*, 383 F. Supp. 502, 522 (E.D.N.Y. 1975), the court found that the TEFLON® trademark is "a strong trademark deserving of broad protection from infringement."

22.    Unsolicited media coverage has referred to "TEFLON, the well-known 'non-stick' plastic" (*New York Times,*, May 2, 1999), the "widely-recognized, 58-year-old Teflon

brand" (*Chicago Tribune*, August 24, 2003), "well-known product lines like Teflon" (*The Detroit News*, December 12, 2007), and "such well-known monikers as Teflon" (*Atlanta Journal and Constitution*, May 5, 1996).

23.     DuPont's TEFLON® trademark is used for a wide range of goods, and, as the court found in *Yoshida Int'l*, "If DuPont's past history is any guide, . . . a reasonable possibility exists that the many uses of TEFLON in widely varied commercial applications may be expanded . . . ."  383 F. Supp. at 518.

24.     As a result of DuPont's longstanding use and promotion of the TEFLON® trademark, and as reflected in its incontestable trademark registrations, the consuming public and trade recognizes and associates the TEFLON® trademark with DuPont.  The TEFLON® trademark has acquired a high degree of public recognition and distinctiveness as a symbol of the source of high quality products offered by DuPont, and embodies a valuable reputation and goodwill belonging exclusively to DuPont.

## Essentialware's Wrongful Conduct

25.     Essentialware offers for sale non-stick oven liners, release sheets, and non-stick baking sheets for commercial and consumer use.

26.     Since at least August 2012, Essentialware has offered for sale products using the TEFLON® trademark, even though the products do not contain genuine TEFLON® fluoropolymers or otherwise are not authorized to be sold under the TEFLON® trademark (the "Infringing Products").  Examples of Essentialware's use of the TEFLON® trademark in connection with the sale of its products are attached collectively as **Exhibit 2**.

27.     The Infringing Products offered for sale and sold by Essentialware are not sponsored or endorsed in any way by DuPont.  DuPont has no ability to control the quality of Essentialware's products.

28.     Essentialware's commercial uses of the TEFLON® trademark have been and continue to be without authorization or permission from DuPont.

29.     Essentialware's use of the TEFLON® trademark in connection with the Infringing Products and Essentialware's Website is likely to deceive, confuse, and mislead consumers into believing that the Infringing Products are made, sponsored, endorsed, or in some other manner authorized, by DuPont, which they are not.  This is especially damaging with respect to those persons who perceive a defect or lack of quality in Essentialware's Infringing Products.  The likelihood of confusion, mistake, and deception engendered by Essentialware's misappropriation of DuPont's mark is causing irreparable harm to the goodwill symbolized by the TEFLON® trademark and the reputation for quality that it embodies.

30.     Upon information and belief, Essentialware knowingly, willfully, intentionally, and maliciously made and continues to make prominent use of the TEFLON® trademark to exploit the commercial magnetism of the TEFLON® brand and falsely suggest that Essentialware's Infringing Products are made, sponsored, or endorsed by DuPont.

31.     Essentialware's actions are causing irreparable harm to DuPont and the public, and will continue to injure DuPont and the public unless enjoined by the Court.  Essentialware's wrongful acts will harm the goodwill associated with DuPont's TEFLON® brand, and result in injury that cannot readily be quantified or recaptured.  Accordingly, DuPont and the public have a strong interest in stopping Essentialware's conduct.

32.     Upon learning of Essentialware's inappropriate use of the TEFLON® trademark,

- 7 -

DuPont contacted Essentialware demanding that it cease all use of the mark.  Because

Essentialware continues to make such unauthorized use, DuPont was forced to file this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

33.     DuPont repeats and incorporates by reference the allegations in paragraphs 1

through 32.

34.     Essentialware's use of DuPont's TEFLON® trademark is likely to cause

confusion, deception, and mistake by creating the false and misleading impression that

Essentialware's goods are manufactured or distributed by DuPont, are associated or connected

with DuPont, or have the sponsorship, endorsement, or approval of DuPont.

35.     Essentialware is using a trademark that not only is confusingly similar to

DuPont's federally registered TEFLON® trademark, but actually is identical, in violation of 15

U.S.C. § 1114.  Essentialware's activities have caused and, unless enjoined by this Court, will

continue to cause a likelihood of confusion and deception of members of the trade and public

and, additionally, injury to DuPont's goodwill and reputation as symbolized by the TEFLON®

trademark, for which DuPont has no adequate remedy at law.

36.     Essentialware's actions demonstrate an intentional, willful, and malicious intent

to trade on the goodwill associated with DuPont's TEFLON® trademark to DuPont's great and

irreparable injury.

37.     Essentialware has caused and is likely to continue causing substantial injury to the

public and substantial, irreparable harm to DuPont, and DuPont is entitled to injunctive relief and

to recover Essentialware's profits, actual damages, enhanced profits and damages, costs, and

reasonable attorneys' fees under 15 U.S.C. §§ 1125, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

38.     DuPont repeats and incorporates by reference the allegations in paragraphs 1 through 32.

39.     Essentialware's use of the TEFLON® trademark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Essentialware's goods are manufactured and distributed by DuPont, or affiliated, connected, or associated with DuPont, or have the sponsorship, endorsement, or approval of DuPont.

40.     Essentialware has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Essentialware's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and injury to DuPont's goodwill and reputation as symbolized by the TEFLON® trademark, for which DuPont has no adequate remedy at law.

41.     Essentialware's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with DuPont's TEFLON® trademark to the great and irreparable injury of DuPont.

42.     Essentialware's conduct has caused, and is likely to continue causing, substantial injury to the public and to DuPont, and DuPont is entitled to injunctive relief and to recover Essentialware's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)

43.     DuPont repeats and incorporates by reference the allegations in paragraphs 1

through 32.

44.     DuPont has extensively and continuously promoted and used the TEFLON®
trademark both in the United States and throughout the world.  The TEFLON® trademark
became a famous and well-known symbol of DuPont's goods and services well before
Essentialware offered for sale the Infringing Products.

45.     Essentialware is making use in commerce of a mark that dilutes and is likely to
dilute the distinctiveness of DuPont's TEFLON® trademark by eroding the public's exclusive
identification of the famous mark with DuPont and otherwise lessening the capacity of the
TEFLON® trademark to identify and distinguish DuPont's goods and services.

46.     Essentialware has caused and will continue to cause irreparable injury to
DuPont's goodwill and business reputation, and dilution of the distinctiveness and value of
DuPont's famous and distinctive TEFLON® trademark in violation of 15 U.S.C. § 1125(c).
DuPont therefore is entitled to injunctive relief and to Essentialware's profits, actual damages,
enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C.
§§ 1125(c), 1116, and 1117.

### FOURTH CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**

47.     DuPont repeats and incorporates by reference the allegations in paragraphs 1
through 32.

48.     DuPont has extensively and continuously promoted and used DuPont's
TEFLON® trademark in the United States and the mark has become a distinctive and well-known
symbol of DuPont's goods and services.

49.     Essentialware's unauthorized use of DuPont's TEFLON® trademark dilutes and is likely to dilute the distinctiveness of the mark by eroding the public's exclusive identification of the distinctive and well-known TEFLON® trademark with DuPont.

50.     Essentialware's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with DuPont's TEFLON® trademark.

51.     Essentialware is causing and will continue to cause irreparable injury to DuPont's goodwill and business reputation in violation of DEL. ANN. CODE tit. 6, § 3313, and the laws of several States.

## PRAYER FOR RELIEF

WHEREFORE, DuPont prays for judgment against Essentialware as follows:

A.     Essentialware and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, though, or under authority from Essentialware, or in concert or participation with Essentialware, be enjoined permanently, from:

1.   using the TEFLON® trademark or any other copy, reproduction, or confusingly similar imitation or simulation of the TEFLON® trademark on or in connection with Essentialware's goods or services;

2.   using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Essentialware's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, the trademarks, trade dresses, service marks, names, or logos of DuPont;

3.   using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Essentialware's goods or

services that is likely to cause confusion, mistake, deception, or public

misunderstanding that such goods or services are produced or provided by

DuPont, or are sponsored or authorized by or in any way connected or related to

DuPont;

4. using any trademark, trade dress, service mark, name, logo, design, or source

designation of any kind on or in connection with Essentialware's goods or

services that dilutes or is likely to dilute the distinctiveness of the trademarks,

trade dresses, service marks, names, or logos of DuPont; and

5. passing off, palming off, or assisting in passing off or palming off,

Essentialware's goods or services as those of DuPont.

B.     Essentialware be ordered to cease offering for sale, marketing, promoting, and

selling, and to recall and retrieve all products bearing the TEFLON® trademark, or any other

confusingly similar variation, which are in Essentialware's possession or have been shipped by

Essentialware or under its authority, to any store or customer, including but not limited to, any

wholesaler, distributor, distribution center, retail store, consignor, or marketer, and also to deliver

to each such store or customer a copy of this Court's order as it relates to said injunctive relief

against Essentialware;

C.     Essentialware be ordered to deliver up for impoundment and for destruction, all

products, packaging, bags, boxes, labels, tags, signs, receptacles, advertising, promotional

material, stationary, or other materials in the possession, custody, or under the control of

Essentialware that bear the TEFLON® trademark or any other confusingly similar variation;

D.     Essentialware be compelled to account for and disgorge to DuPont any and all profits derived by Essentialware from the sale or distribution of infringing goods as described in this Complaint;

E.     DuPont be awarded all damages caused by the acts forming the basis of this Complaint;

F.     Based on Essentialware's knowing and intentional use of DuPont's federally registered TEFLON® trademark, the damages awarded be trebled and the award of Essentialware's profits be enhanced in accordance with the provisions of 35 U.S.C. § 284 and/or 15 U.S.C. § 1117(a) and (b);

G.     Essentialware be required to pay DuPont the costs and reasonable attorneys' fees incurred by DuPont in this action pursuant to 15 U.S.C. § 1117(a);

H.     Essentialware be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

I.     DuPont have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DuPont respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William H. Brewster
Jessica A. Pratt
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Tel:  (404) 815-6500


Dated:  December 30, 2014
1176536 / 20120-

By:   */s/ Richard L. Horwitz*
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Bindu A. Palapura (#5370)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*